IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| ANTONIO LAMAR STRICKLAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 323-098 |
| | ) | |
| WARDEN BRIAN CHAMBERS; DEPUTY WARDEN TRAVIS PROSSER; SGT. MS. MORRISON; BRIAN MOTEN; OFFICER MS. MANKEN; JOHNSON STATE PRISON; and SPECTRUM HEALTH SYSTEMS, INC., | ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, currently incarcerated at Ware State Prison in Waycross, Georgia, filed this case pursuant to 42 U.S.C. § 1983 concerning events alleged to have occurred at Johnson State Prison ("JSP") in Wrightsville, Georgia. He is proceeding *pro se* and *in forma pauperis* ("IFP"). Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

**I.    SCREENING THE COMPLAINT**

**A.    BACKGROUND**

In his complaint, Plaintiff names as Defendants: (1) Warden Brian Chambers, (2) Deputy Warden Travis Prosser, (3) Sgt. Ms. Morrison, (4) RSAT Program Director Brian

Moten, (5) Officer Ms. Manken, (6) JSP, and (7) Spectrum Health Systems, Inc., ("Spectrum"). (Doc. no. 1, pp. 1, 4.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

After arrival at JSP, prison staff told Plaintiff it was a minimum/medium security camp, they were "very short on officers," and Plaintiff should avoid trouble because there was no guarantee officers could help. (Id. at 27-29.) While in JSP's RSAT Program, Plaintiff lived in the L-building. (Id. at 29.) On March 18, 2022, four or five inmates assaulted Plaintiff. (Id.) When Defendants Manken and Morrison arrived and opened the door, the inmates dragged Plaintiff out of the dorm. (Id.) When Plaintiff stood up, Defendants Manken and Morrison asked Plaintiff, "What happened?," even though they witnessed the assault. (Id. at 29-30.) The inmates packed up all of his personal property and would not allow Plaintiff back into the dorm. (Id.) Defendants Manken and Morrison told Plaintiff to take his property to the "I.D. Room" and wait outside by security. (Id. at 30.)

While on his way to I.D., an inmate from the general population stabbed Plaintiff in the side of his face in front of the F-1 dorm, and he ran back toward the L-building. (Id. at 31.) Unidentified officers observed that Plaintiff had been stabbed and called Lt. Green, and officers escorted Plaintiff to the medical unit. (Id.) Defendant Prosser took pictures of Plaintiff's face and medical personnel conducted emergency surgery. (Id. at 31-32.) Plaintiff has permanent damage to his vision in the left eye. (Id. at 5, 32.)

On March 25, 2022, Plaintiff filed a grievance against Defendants Prosser and Chambers, alleging they are operating "a prison that is understaffed and is a breach of security to inmates' safety and the lives of inmates." (Id. at 7.) When Defendants Prosser and Chambers found out about the grievance, an orderly served Plaintiff a breakfast cake that

2

contained blood.  (Id. at 32-33.)  Officer Ms. Lane witnessed Plaintiff spit blood into his tray flap.  (Id.)

Plaintiff was previously stabbed three times at JSP and believes these stabbings could have been avoided if there was more security.  (Id. at 32.)  Plaintiff completed JSP's RSAT program on September 1, 2022, and was later transferred to Ware State Prison.  (Id. at 34-35.)  For relief, Plaintiff requests compensatory and punitive damages.  (Id. at 5.)

### B. DISCUSSION

#### 1. Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  A claim is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)."  Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555.  While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed

3

factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*); Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

> 2. **Plaintiff Fails to State a Claim Against Defendants Moten, Spectrum, and JSP**

The Eleventh Circuit has held that a district court properly dismisses a defendant where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations that associate the defendant with the purported constitutional violation. Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."). While Plaintiff names Defendants Moten, Spectrum, and JSP in the caption of his complaint, he never once mentions them anywhere in the statement of his claim and does not make allegations associating any of these Defendants with any purported constitutional violations. (See generally doc. no. 1.) Dismissal of Defendants Moten, Spectrum, and JSP is therefore appropriate. See Douglas, 535 F.3d at 1321-22.

### 3. JSP is Not a Proper Party in § 1983 Claims

Plaintiff fails to state a claim against JSP because prisons are not legal entities subject to liability in § 1983 claims. See Jamelson v. Unnamed Defendant, No. CV 617-103, 2017 WL 6503630, at *2 (S.D. Ga. Dec. 19, 2017) (holding "Georgia State Prison . . . is not a separate legal entity capable of being sued"), *adopted by* 2018 WL 616142 (S.D. Ga. Jan. 29, 2018); Parks v. Georgia, No. CV 517-047, 2017 WL 2930832, at *3 (S.D. Ga. July 10, 2017) (holding "penal institutions . . . are generally not considered legal entities subject to suit"); see also Brannon v. Thomas Cnty. Jail, 280 F. App'x. 930, 934 n.1 (11th Cir. 2008) (noting Thomas County Jail is not an entity capable of being sued under Georgia law). Appropriate parties for suit under § 1983 included "persons" who participated in the alleged violation. See 42 U.S.C. § 1983 (subjecting only "persons" to liability); Ga. Insurers Insolvency Pool v. Elbert Cnty., 368 S.E.2d 500, 502 (Ga. 1988) (limiting § 1983 liability to "(1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons as the law recognizes as being capable to sue") (quotations omitted). Accordingly, Plaintiff's claims against JSP should be dismissed for failure to state a claim.

### 4. Plaintiff Fails To State a Valid Failure to Protect Claim Against Defendants Morrison and Manken

Plaintiff fails to state a valid failure to protect claim against Defendants Morrison and Manken. A prison official may violate an inmate's Eight Amendment right by acting with 'deliberate indifference' to a substantial risk of serious harm or disregarding a such a risk. Farmer v. Brennan, 511 U.S. 825, 828 (1994) (citations omitted). Accordingly, a prison inmate has a constitutional right to be protected from violence and from physical assault by other inmates. Harmon v. Berry, 728 F.2d 1407, 1409 (11th Cir. 1984) (*per curiam*); Gullatte v.

Potts, 654 F.2d 1007, 1012 (5th Cir. Unit B Aug. 1981). When officials become aware of a threat to an inmate's health and safety, the Eighth Amendment imposes a duty to provide reasonable protection. Brown v. Hughes, 894 F.2d 1533, 1537 (11th Cir. 1990) (*per curiam*). However, "[t]his does not mean that the constitutional rights of inmates are violated every time a prisoner is injured. It would not be reasonable to impose such an absolute and clearly unworkable responsibility on prison officials." Gullatte, 654 F.2d at 1012. "[T]here must be at least some allegation of a conscious or callous indifference to a prisoner's rights" that would raise the tort to the level of a constitutional violation in order to state a section 1983 cause of action against prison officials for cruel and unusual punishment. Williams v. Bennett, 689 F.2d 1370, 1380 (11th Cir. 1982) (citations omitted).

"Although 'prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners,' not every instance of inmate on inmate violence 'translates into constitutional liability for prison officials responsible for the victim's safety.'" Terry v. Bailey, 376 F. App'x 894, 895 (11th Cir. 2010) (*per curiam*) (citing Farmer, 511 U.S. at 833-34). To establish an Eighth Amendment claim, a prisoner "must allege facts sufficient to show (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation." Lane v. Philbin, 835 F.3d 1302, 1307 (11th Cir. 2016) (internal quotations omitted). These three elements are evaluated in part by an objective standard and in part by a subjective standard. See Caldwell v. Warden, FCI Talladega, 748 F.3d 1090, 1099 (11th Cir. 2014).

> As the Eleventh Circuit explained,
>
> When examining the first element—a substantial risk of serious harm—the court uses an objective standard. The second element—the defendant's deliberate indifference to that risk—has two components: one subjective and

6

> one objective. To satisfy the subjective component, a plaintiff must produce evidence that the defendant actually (subjectively) kn[ew] that an inmate [faced] a substantial risk of serious harm. To satisfy the objective component, a plaintiff must produce evidence that the defendant disregard[ed] that known risk by failing to respond to it in an (objectively) reasonable manner.

Id. (internal citations and quotations omitted).

Mere negligent failure to protect an inmate from an attack does not justify § 1983 liability. Brown, 894 F.2d at 1537. Stated otherwise, Eighth Amendment liability cannot be based on simple negligence or lack of due care, but rather requires some sort of conscious disregard of a serious and imminent risk. Farmer, 511 U.S. at 835-39; see also Adams v. Poag, 61 F.3d 1537, 1543 (11th Cir. 1995) (requiring a plaintiff to show "more than mere negligence," and stating that courts are to look for "obduracy and wantonness, not inadvertence or error in good faith.").

Plaintiff sues Defendants Morrison and Manken because these officers were guarding the L-building at the time of the assault and stabbing, and they responded to his cell during the initial assault. (Doc. no. 1, p. 29.) Plaintiff does not allege these Defendants knew of any specific threats to Plaintiff or had advance knowledge Plaintiff would be attacked in the L-building or in front of the J-dorm. (See generally id.) Nor does he allege these Defendants arrived in time to prevent or stop the assault. Instead, Plaintiff merely alleges the assault was continuing at the time of their arrival to his cell. These allegations fail to establish a deliberate indifference claim against Defendants Morrison and Manken.

### 5. Plaintiff's Official Capacity Monetary Claims

Plaintiff is suing all Defendants, except JSP, in their individual and official capacities. (Doc. no. 1, pp. 2-3, 15-16.) However, the Eleventh Amendment bars official capacity claims against state officials for monetary damages. See Kentucky v. Graham, 473 U.S. 159, 169

(1985). Therefore, Plaintiff's official capacity claims against these Defendants for monetary relief fails as a matter of law.

II. **CONCLUSION**

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Defendants Morrison, Manken, Moten, Spectrum, and JSP, as well as all official capacity claims for monetary damages against all Defendants be **DISMISSED** for failure to state a claim upon which relief may be granted. By separate Order, the Court directs service of process for Plaintiff's complaint on Defendants Chambers and Prosser in their individual capacities based upon Plaintiff's allegations of retaliation and failure to protect.

SO REPORTED and RECOMMENDED this 28th day of February, 2024, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA