IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| ANTONIO LAMAR STRICKLAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 323-098 |
| | ) | |
| WARDEN BRIAN CHAMBERS and | ) | |
| DEPUTY WARDEN TRAVIS PROSSER, | ) | |
| | ) | |
| Defendants. | ) | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at Ware State Prison in Waycross, Georgia, brought the above-captioned civil case and is proceeding *pro se* and *in forma pauperis*. Before the Court is Plaintiff's motion[1] for entry of default. (Doc. no. 21.) Because Plaintiff's motion is baseless, the Court **REPORTS** and **RECOMMENDS** Plaintiff's motion be **DENIED**.

Under Fed. R. Civ. P. 55(a), a party is entitled to entry of default when it has shown an adverse party has failed to plead or otherwise defend against a complaint through affidavit or otherwise. Entry of default against Defendants Chambers and Prosser is not warranted because they timely responded to Plaintiff's complaint. On April 30, 2024, the Court granted Defendants an extension of time through and including May 31, 2024, to respond to Plaintiff's complaint. (Doc. no. 19.) Defendants timely filed their answer in accordance with this

---

[1] The Court acknowledges Plaintiff titled his filing "Declaration for Entry of Default." (See doc. no. 21, p. 1.) However, liberally construing Plaintiff's filing, the Court finds it is appropriately construed as a motion for entry of default. Accordingly, the Court **DIRECTS** the **CLERK** to update the docket text to reflect the filing at doc. no. 21 is a Motion for Entry of Default and **REFER** the same to the undersigned. Plaintiff is advised that "if a litigant seeks judicial action of any sort . . . it must be contained within a motion arising from a properly filed lawsuit." In re Unsolicited Letters to Federal Judges, 120 F. Supp. 2d 1073, 1074 (S.D. Ga. 2000).

extended deadline.  (Doc. no. 23.)  Accordingly, entry of default against Defendants is not appropriate because they have not failed to plead or otherwise defend against Plaintiff's complaint as required by Fed. R. Civ. P. 55(a).   Thus, the Court **REPORTS** and **RECOMMENDS** Plaintiff's motion for entry of default be **DENIED**.  (Doc. no. 21.)

SO REPORTED and RECOMMENDED this 3rd day of June, 2024, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA