**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION**

```
ANTONIO LAMAR STRICKLAND,        *
                                 *
     Plaintiff,                  *
                                 *
     v.                          *    CV  323-098
                                 *
WARDEN BRIAN CHAMBERS and        *
DEPUTY WARDEN TRAVIS PROSSER,    *
                                 *
     Defendants.                 *
```

_____

**O R D E R**

_____

On December 14, 2023, Plaintiff Antonio Lamar Strickland, who is proceeding *pro se*, filed the captioned case under 42 U.S.C. § 1983 while he was incarcerated at the Ware State Prison in Waycross, Georgia.  Plaintiff alleges that he was deprived of certain constitutional rights while incarcerated at Johnson State Prison ("JSP") in Wrightsville, Georgia.

On February 28, 2024, the United States Magistrate Judge issued two Reports and Recommendations recommending that all Plaintiff's claims be dismissed except for individual capacity claims against Defendants Brian Chambers, Warden, and Travis Prosser, Deputy Warden, for retaliation and failure to protect. (Doc. Nos. 9 & 11.)  The Court adopted the Reports and Recommendations, and the case has proceeded against Defendants Chambers and Prosser.

In October 2024, Plaintiff notified the Court that he had been released from prison; the Court therefore revoked his *in forma pauperis* status and directed that if Plaintiff chose to pursue the matter, he must file a new motion to proceed *in forma pauperis* as a non-incarcerated *pro se* litigant. (Doc. No. 34.) On November 15, 2024, Plaintiff moved to proceed *in forma pauperis* (doc. no. 36) and moved for summary judgment (doc. no. 37).

On December 2, 2024, Defendants filed a joint motion for summary judgment (doc. no. 41), and shortly thereafter they responded to Plaintiff's motion for summary judgment (doc. no. 43). Plaintiff has not responded to Defendants' motion for summary judgment.

I.  **SUMMARY JUDGMENT STANDARD AND PROCEDURE**

The Court should grant summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The purpose of the summary judgment rule is to dispose of unsupported claims or defenses, which, as a matter of law, raise no genuine issues of material fact suitable for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322–24 (1986). Facts are "material" if they could affect the outcome of the suit under the governing substantive law. Anderson v. Liberty Lobby, Inc., 477

2

U.S. 242, 248 (1986).  A dispute of those material facts "is 'genuine' . . . [only] if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Id.

The movant bears the burden of establishing that there is no genuine dispute of any material fact and that he is entitled to judgment as a matter of law.  The party opposing summary judgment "may not rest upon the mere allegations or denials in [his] pleadings.  Rather, [his] responses . . . must set forth specific facts showing that there is a genuine issue for trial."  Walker v. Darby, 911 F.2d 1573, 1576—77 (11th Cir. 1990).  As required, the Court will view the record evidence "in the light most favorable to the [nonmovant]," Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986), and will "draw all justifiable inferences in [the nonmovant's] favor."  United States v. Four Parcels of Real Prop., 941 F.2d 1428, 1437 (11th Cir. 1991) (*en banc*) (internal quotation marks omitted).

In satisfaction of the notice requirements of Griffith v. Wainwright, 772 F.2d 822, 825 (11th Cir. 1985) (per curiam), the Clerk of Court gave both Plaintiff and Defendants notice of the summary judgment motions and the summary judgment rules, of the right to file affidavits or other materials in opposition, and of the consequences of default.  (Doc. Nos. 38 & 42.)  In particular, the parties were notified that if they do not timely respond to a

3

summary judgment motion, the Court will deem the motion unopposed. Also, to the extent that a nonmovant does not oppose a Statement of Material Facts supported by evidence with his own Statement of Material Facts supported by evidence, the Court will assume that the nonmovant admits the facts.  See also Loc. R. 56.1 ("All material facts set forth in the [S]tatement [of Material Facts] required to be served by the moving party will be deemed to be admitted unless controverted by a statement served by the opposing party.").  The Court must consider the merits of an unopposed motion for summary judgment, reviewing the movant's citations to the record and applicable case law to ensure there is no genuine issue of material fact.  See Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1303 (11th Cir. 2009) (citation omitted); United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla., 363 F.3d 1099, 1101 (11th Cir. 2004).

## II. FACTUAL BACKGROUND

Because Plaintiff did not oppose Defendants' motion for summary judgment, Defendants' Statement of Material Facts is uncontroverted.  Accordingly, the material facts set forth therein are deemed admitted if supported by record evidence.  Many of these facts are taken from Plaintiff's Complaint or his deposition

4

testimony and are viewed in the light most favorable to him as the nonmovant. In any event, the undisputed material facts follow.

On March 18, 2022, Plaintiff was assaulted by four or five unknown inmates while he was incarcerated at JSP. (Defs.' Loc. R. 56.1 St. of Facts, Doc. No. 41-5, ¶¶ 1, 6.) After the assault, prison staff told Plaintiff to go to the security office. On his way there, an inmate stabbed Plaintiff on the left side of his face under his left eye. (Id. ¶¶ 7-8; Compl., Doc. No. 1, at 30-31.) Deputy Warden Prosser took pictures of Plaintiff's face. (Compl. at 31.) Medical personnel performed emergency surgery on his face, but Plaintiff suffered permanent damage to his eye. (Id. at 32.)

On March 25, 2022, Plaintiff filed a grievance at JSP against Warden Chambers and Deputy Warden Prosser, alleging that they were responsible for an understaffed prison. (Defs.' St. of Facts ¶ 3.) After Deputy Warden Prosser learned of the grievance, he was somehow involved in an orderly serving Plaintiff a breakfast cake that contained blood. (Id. ¶ 4.) Plaintiff filed a grievance about this incident on October 14, 2022. (Id.) Plaintiff does not allege that Warden Chambers was involved in the breakfast cake incident. (See Compl. at 22.)

In addition to the March 18th incident, Plaintiff claims he was stabbed on two other occasions in 2022. In July, Plaintiff

5

claims he was stabbed in his shoulder by his cellmate. (Defs.' St. of Facts ¶ 13.) Plaintiff did not submit a grievance about this stabbing, and he does not remember the name of his cellmate. (Id. ¶¶ 14, 16.)

Additionally, Plaintiff claims he was stabbed on November 21st when he was jumped by four or five Muslim inmates because Plaintiff was talking too loud during prayers. (Id. ¶ 17.) Before the November 21st incident, Plaintiff had not had any problems with Muslim inmates. (Id. ¶ 18.) After the incident, Plaintiff was placed in administrative segregation at his own request. (Id. ¶ 19.) The next day, Plaintiff spoke with Warden Chambers while the warden was making rounds in the administrative segregation unit. (Id. ¶ 21.) Plaintiff claims Warden Chambers said he was safe now because he was in administrative segregation. (Id. ¶ 23.) This brief conversation is the only communication that Plaintiff ever had with Warden Chambers. (Id. ¶ 22.) Plaintiff did not seek medical care for the November 21st incident. (Id. ¶ 20.) He filed a grievance about it, but did not appeal that grievance to the Central Office. (Id. ¶ 24.)

Plaintiff was transferred out of JSP in January 2023. (Id. ¶ 25.)

6

### III. LEGAL ANALYSIS

Section 1983 creates a private right of action for the deprivation of federal rights by persons acting under color of state law.[1]  42 U.S.C. § 1983.  In this case, Plaintiff alleges that Warden Chambers and Deputy Warden Prosser violated his Eighth Amendment right to be free of cruel and unusual punishment by understaffing the prison.  Plaintiff points to the fact that he was stabbed three times in less than a year.  This is essentially a failure-to-protect claim.  Plaintiff also asserts a First Amendment retaliation claim against Deputy Warden Prosser.

A. <u>Eighth Amendment Claim</u>

Defendants first claim that Plaintiff has not exhausted his administrative remedies with respect to the alleged July and November stabbings, and thus, any failure-to-protect claim arising from these incidents must be dismissed.

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a). "The filing of a civil suit without properly

---

[1] Here, there is no dispute that Warden Chambers and Deputy Warden Prosser were at all relevant times acting under color of state law.

exhausting all available administrative remedies is a procedural misstep that is fatal to the underlying case." McKeithen v. Jackson, 606 F. App'x 937, 939-40 (11th Cir. 2015) (cited source omitted). To properly exhaust administrative remedies, a prisoner must "us[e] all steps" in the administrative process, and he must comply with all "deadlines and other critical procedural rules." Woodford v. Ngo, 548 U.S. 81, 90-91 (2006) (cited sources omitted).

The grievance process at JSP includes two steps: an Original Grievance and an Appeal to the Central Office. (Defs.' St. of Facts ¶ 32.) Plaintiff admitted at deposition that he was familiar with the PLRA's exhaustion requirement prior to filing this lawsuit. (Id. ¶ 34.) Defendants submit the Declaration of Stephanie Blair, the Grievance Coordinator at JSP. (Doc. No. 41-4.) Ms. Blair recounts Plaintiff's grievance history at JSP, wherein he filed four grievances. (Id. ¶¶ 14-17.) None of these grievances relate to the July 2022 stabbing. Moreover, while Plaintiff filed a grievance related to the November 2022 stabbing (alleging that Warden Chambers and Deputy Warden Prosser were running an understaffed prison), the grievance was denied. (Id. ¶ 16.) Plaintiff, however, did not appeal the denial of this grievance to the Central Office as required. (Id.) Upon these undisputed facts, the Court concludes that Plaintiff did not exhaust his administrative remedies related to the July and

8

November 2022 stabbings, and therefore, any failure-to-protect claim based upon these stabbings must be dismissed.[2]

Turning to the properly exhausted failure-to-protect claim based on the March 2022 stabbing, in order to survive summary judgment, Plaintiff must produce sufficient evidence to show (a) a substantial risk of serious harm; (2) that Defendants were deliberately indifferent to that risk; and (3) that Defendants' wrongful conduct caused his injuries. See Bowen v. Warden Baldwin State Prison, 826 F.3d 1312, 1320 (11th Cir. 2016); Goodman v. Kimbrough, 718 F.3d 1325, 1331 (11th Cir. 2013). The first element – a substantial risk of harm – requires an objective showing that conditions were so extreme to pose "an unreasonable risk of serious injury to [Plaintiff's] future health or safety." Marbury v. Warden, 936 F.3d 1227, 1233 (11th Cir. 2019) (quoting Lane v. Philbin, 835 F.3d 1302, 1307 (11th Cir. 2016)). Plaintiff can make this showing by demonstrating either a "generalized risk of violence" or an individualized risk based on a "specific threat" to him. See Marbury, 936 F.3d at 1233, 1235. In this case, Plaintiff has presented no evidence other than his conclusory statements that the prison was understaffed. He has failed to

---

[2] The Eleventh Circuit counsels that an exhaustion defense "should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment." Bryant v. Rich, 530 F.3d 1368, 1374-75 (11th Cir. 2008) (quoted source omitted), cited in Sims v. Sec'y, Fla. Dep't of Corr., 75 F.4th 1224, 1229 & n.3 (11th Cir. 2023).

demonstrate that "serious inmate-on-inmate violence was the norm," see Marbury, 936 F.3d at 1234 (quoted source omitted); thus, Plaintiff has not shown a generalized risk of violence at JSP. Nor has he shown that he was subject to a particularized threat of harm. Plaintiff does not allege that he had any reason to believe he would be attacked and stabbed on any one of the occasions he was harmed. Certainly, he has not established that Warden Chambers and Deputy Warden Prosser were aware of threats of harm to any prisoner let alone Plaintiff in particular.

Moreover, the second element of a failure-to-protect claim - deliberate indifference - requires a showing that a defendant: (1) "was subjectively aware that the inmate was at risk of serious harm"; (2) "disregarded that risk"; and (3) "acted with 'subjective recklessness as used in the criminal law.'" Wade v. McDade, 106 F.4th 1251, 1255 (11th Cir. 2024) (quoting Farmer v. Brennan, 511 U.S. 825, 839 (1994)). That is, Plaintiff must show that Warden Chambers or Deputy Warden Prosser were "subjectively aware that [their] own conduct put the plaintiff at substantial risk of serious harm." See Wade, 106 F.4th at 1261-62. That is, Defendants cannot be held liable for the separate and unrelated attacks by inmates unless Plaintiff can show that Defendants were deliberately indifferent to a known and likely threat. Because Plaintiff has not demonstrated that Defendants were aware of any

10

risk of harm to Plaintiff, they could not have been deliberately indifferent to that risk.[3]

Upon the foregoing, Plaintiff has failed to show a genuine triable issue based upon JSP's alleged understaffing. Thus, his Eighth Amendment claim fails as a matter of law.

B. First Amendment Claim

Plaintiff has asserted a First Amendment retaliation claim against Deputy Warden Prosser. More specifically, Plaintiff claims Deputy Warden Prosser retaliated against him for filing his March grievance by orchestrating the blood in his breakfast cake incident several months later. Plaintiff, however, failed to establish that he exhausted his administrative remedies for this incident. While Plaintiff filed a grievance related to the incident on September 27, 2022, he failed to claim that Deputy Warden Prosser was involved in the incident. (See Blair Decl. at

---

[3] Even if the Court were to consider the totality of three stabbings in eleven months at JSP, Plaintiff must still show that Defendants were aware of a risk of harm that rose above the general dangerousness of other inmates. Goodson v. Benton, 2020 WL 975089, at *2 (S.D. Ga. Jan. 16, 2020) ("Prisons are dangerous places because they are filled with people society has already deemed too dangerous to live amongst law abiding persons. Prisoners will always be at some risk of harm simply by being surrounded by these people. In order to trigger a failure-to-protect claim, a plaintiff must allege that the threat rose above the background danger." (quoted source omitted)). It should be noted that in the context of Plaintiff's allegations of understaffing, he has submitted no evidence that the prison was understaffed or that a staffing issue created a risk of harm to the inmates that rose to the level of a constitutional tort.

48.) Moreover, the grievance was denied as untimely, and Plaintiff did not appeal the denial of this grievance to the Central Office. In short, Plaintiff failed to exhaust his administrative remedies, and thus his First Amendment claim against Deputy Warden Prosser must be dismissed.

### IV. CONCLUSION

Upon the foregoing, no claim remains to be tried by a jury, either because Plaintiff failed to exhaust his administrative remedies respecting his § 1983 claims or he has failed to provide sufficient evidence to support his claims. Accordingly, Defendants' motion for summary judgment (doc. no. 41) is **GRANTED**. Plaintiff's motion for summary judgment (doc. no. 37) is **DENIED**. The Clerk shall **ENTER JUDGMENT** in favor of Defendants Warden Brian Chambers and Deputy Warden Travis Prosser and **CLOSE** the case.

**ORDER ENTERED** at Augusta, Georgia, this 1st day of May, 2025.

UNITED STATES DISTRICT JUDGE